## Levin Gayle *against* George Turner.

*1, Proceedings before a Justice (unless on writ of forcible entry, &c.) are not Records, and their irregularities must be shewn by bill of Exceptions.*
*2, On appeal or certiorari in such cases, judgment*

IN this case *Turner* had recovered a judgment against *Gayle* before a Justice of the Peace for about $48, due on open account ; and on *Gayle's* petition the case was brought by certiorari into the County Court of *Monroe.* The County Court adjudged that the judgment of the Justice be affirmed ; and thereupon *Gayle* prosecuted a writ of Error to this Court. In the transcript of the Record the original warrant or summons is subscribed thus : " *Charles O. Foster,*

*not to be affirmed or reversed, but trial de novo to be had. 3, If plaintiff's demand exceed $20, he must file a statement on which an issue can be formed. 4, Certiorari dismissed. Judgment not to be affirmed, but procedendo to issue.*

*J. P.* [*seal*]," and the return thereto set out thus : " Received, *January* 1823. Executed, *N. Parker*, Constable." Gayle assigns as Errors,—That it does not appear from the capias issued against him, by what Justice of the Peace it was issued, or that the Constable who executed it was a Constable of *Monroe* County, or that it was served five days previous to the time when returnable, or that any evidence was produced before the Justice to prove the demand. The plaintiff failed to appear in the County Court in person or by attorney ; no declaration was filed, and no issue made up there ; no evidence was produced before the County Court : the County Court dismissed the certiorari, and affirmed the judgment of the Justice.

JUNE, 1824.

Levin Gayle
v.
George Turner.

Judge *Saffold* delivered the opinion of the Court.

The three first assignments relate to the authority of the Justice before whom the proceedings were had, and the nature and time of the service of the process. The initials " *J. P.*" added to the signature of *Charles O. Foster*, are the usual indications of " Justice of the Peace," and the process appears to have been served by a person who signs the return as Constable ; his return has no date. The proceedings of Justices of the Peace, (except in cases of forcible entry and detainer are specially provided for by Statute) are not strictly and technically records. (11 John. R. 166). Justices are not required to keep complete records of their proceedings, or authorized to certify them as records ; but are required to " cause fair entries to be made in books to be " provided for that purpose, of the names of the plaintiff and " defendant, with the debts and costs adjudged, and the time " when the warrant issued, and was made returnable, together " with the return made upon all process," and in cases of appeal, to send up " a statement of the case, with the bond and all the papers thereunto belonging." (Laws Ala. 510, 511.) These proceedings, then, though copied in the transcript by the Clerk of the County Court, have not the dignity of a Record. If it should be material to the rights of the parties that any irregularity in the proceedings before the Justice should be shewn to this Court, it must be done by bill of Exceptions, or something in the nature thereof, taken in the County or Circuit Court ; but if the want of a date to the officer's return on the warrant was regularly shewn, that, as well as most other defects which could occur in the proceedings before the Justice, would be cured by the act of 1819 requiring the Court, before whom the appeal should be brought, " to try the same according to the justice and " equity of the case, without regarding any defect in the war-

JUNE, 1824.

Leven Gayle.
v.
George Turner.

*Perry v. Brown,
ante,* 55.

" rant, capias, summons, or other proceedings of the Jus.
" tice."(a) This case came to the County Court by certiorari.
We think that the rules or form of trial before the appellate
tribunal must be the same on a certiorari as on an appeal :
the law does not require that the evidence produced before
the Justice should be shewn in the appellate Court.

As to the other assignments, according to the construction
of the Statute heretofore given by this Court, and as to which
our opinions are unchanged, all appeals from Justices of the
Peace are to be tried de novo ; and where the sum claimed
exceeds $20, a trial as of any other cause shall be on an issue
to be made up, &c. : then it was necessary that the plaintiff
should have filed in the County Court a statement of this
cause of action, so that an issue might have been made up if
the defendant thought proper to claim a trial by Jury. If he
should fail to plead, the Court, without the intervention of a
Jury, could not render final judgment against him on an un-
liquidated demand. The County Court had no power to
affirm or reverse the judgment of the Justice, but should have
tried the case de novo, in the same manner as if it had ori-
ginated in that Court. If the certiorari was dismissed (which
could be done only on failure to comply with the terms on
which it had been ordered), the Court could only command
the Justice to proceed on his judgment.

Let the judgment be reversed, and the cause be remanded.

Judge *Gayle* not sitting.